GEORGE J. AXT *et al.*, Appellants, *v.* JOHN F. SHANKEY, Respondent.

*Supreme Court, Second Department, General Term, February* 10, 1890.

*Reference. Vacation.*—An order of reference, entered upon the consent of the defendants' attorney, will not be vacated on the ground that such attorney's act is without authority, where the defendant has delayed to move until the plaintiff's case is closed.

Appeal from order setting aside and vacating an order of reference.

Action to recover damages for a levy and sale made by defendant as sheriff. Defendant's former attorneys consented to the reference.

*C. P. Hoffman*, for appellants.

*G. W. Weiant*, for respondent.

BARNARD, P. J.—The facts are generally undisputed. Kreig & Co., by virtue of a judgment and execution against Adam Axt, sold certain personal property in Rockland county.

The defendant is the sheriff who made the sale. The plaintiff claims to own this property, and brings this action to get payment for its conversion.

Kreig & Co., indemnified the sheriff before the sale, and the defendant employed Kreig & Co.'s lawyers, Messrs. Hastings & Gleason of New York, to conduct the defense.

The case was at issue, and was noted for trial at the May circuit in Rockland county in May, 1889. The plaintiff was ready for trial and the defendant was not.

The defendant had proposed a referee before the circuit,

which was declined by the plaintiff. The same offer was made on the trial, and it was finally referred to a Mr. P. C. De Wolf by consent.

The stipulation for a referee was in writing, and was signed by one of the defendant's attorneys. An issue is made as to the fact whether the present attorney for the defendant told the plaintiff's attorney that the defendant would not consent to a referee, and as to the fact whether the plaintiff's attorney told Judge Weiant that he was about to apply for the order on the stipulation, and that he made no objection. The fact remains that this order of reference was known to have been entered by the defendant and by Judge Weiant in May, 1889.

The case proceeded before the referee until September, when the plaintiff's case was closed. It is too late to set aside the reference even on the facts as understood by the defendant. They are simply that he was opposed to a reference ; was opposed to a reference to the referee named, and so told his attorney.

The attorney did stipulate with the plaintiff, and the case was referred so long ago that there is no basis now for defendant to deny his assent to the unauthorized act. The referee is a lawyer of this state, and while he resides in New Jersey he has a place of business in New York.

That the referee named is not in the directory of the building where the referee has a place of business, proves nothing as against the position stated of the referee that he has a place of business at this place, 39 Broadway, New York.

The order should be reversed, with costs and disbursements.

PRATT, J., concurs.